## COMMONWEALTH *vs.* AUSTIN B. TUTTLE.

A prosecution for a single sale of liquors, contrary to *St.* 1852, *c.* 322, § 7, need not aver that the defendant was not a town agent, manufacturer, &c.

Under *St.* 1844, *c.* 102, the government need not prove in a prosecution for illegal sales of spirituous liquor, that the defendant was not licensed ; but if otherwise, the book of the city clerk containing the names of persons so licensed is sufficient evidence.

A complaint upon *St.* 1852, *c.* 322, § 7, need not aver to what town the penalty, if recovered, is to go ; and a magistrate has jurisdiction of the offence, although a tax-payer in the town entitled to the penalty.

A refusal by the presiding judge to instruct the jury in such a case that " the evidence, to justify a conviction, must be at least equal to the testimony of one unimpeached witness," is not ground of exception ; he having instructed them that they must be satisfied beyond a reasonable doubt of the defendant's guilt.

THE defendant, being convicted of a violation of *St.* 1852, c. 322, § 7, in the court of common pleas, May term, 1853, before *Perkins*, J., excepted to his rulings, the nature of which sufficiently appears in the opinion.

*O. P. Lord*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

SHAW, C. J. The present case was originated by complaint in the police court of Salem, and thence carried by appeal to the court of common pleas, and there tried. It comes before this court by exceptions.

The first exception is, that the original complaint was defective both in form and substance. The defect is not specifically pointed out in the exceptions; but in the argument it is stated to be, that it does not negative the exceptions in the statute by averring, that he was not a town agent, a licensed manufacturer, or otherwise within any of the excepted cases. The court are of opinion that such special negative averments were not necessary. They were not contained in the seventh section, on which this complaint is founded, and do not constitute any descriptive part of the offence. *Commonwealth* v. *Hart*, 11 Cush. 130; *Commonwealth* v. *Wilson*, 11 Cush. 412.

The next exception is, that the prosecutor should have proved, by competent evidence, that the defendant was not duly authorized to sell, and the authority of *Commonwealth* v. *Thurlow*, 24 Pick. 374, is relied on. But in this case the evidence was given, which was wanting in Thurlow's case. The city clerk attended and produced the only book containing records of licenses granted, and testified that the name of the defendant was not among those of persons licensed for the sale or manufacture of intoxicating liquors. As the clerks of cities and towns are required by law to keep a record of all persons licensed, this evidence was competent and significant. But we do not perceive why the case was not within the *St.* 1844, c. 102, which declares the legal presumption to be, in all cases of prosecution under these laws, that the de fendant has not been licensed, so as to make it incumbent on the defendant, if he relies on a license, to prove the fact by the

production of the record. This statute introduced a new rule of evidence.

It is further contended, that the complaint should have stated how the penalty would be distributed; and also, that the judge of the police court, being a tax-paying inhabitant of Salem, was interested in the penalty, and, therefore, could not act as judge.

In regard to the first branch of this objection, the court are of opinion, that when the prosecution for a violation of the liquor laws is by complaint or indictment, it is a public prosecution by the commonwealth, and it is not necessary to state on the face of it, how the penalty is to go. It is sufficient to adjust it to the person or persons entitled to it, after it is received.

The other part of the objection, has been settled on great consideration, during this present circuit. It was held, that when jurisdiction was conferred on justices of courts and magistrates, with a full knowledge on the part of the legislature, that a minute interest must exist in such judges and magistrates, it was intended by force of the statute to confer such jurisdiction, notwithstanding such interest. All judges are thus minutely interested in penalties which enure to the commonwealth. If such an objection to them could be sustained, all such laws must remain unexecuted. *Commonwealth* v. *Emery*, 11 Cush. 406.

A further exception was taken to the ruling of the court. The facts on which the prosecution depended, were proved by one witness, and some evidence was offered on the part of the defendant to impeach the credit of the witness. The defendant then requested the court to instruct the jury that the evidence, which would justify a conviction, must be at least equal to the testimony of one unimpeached witness. The court refused so to instruct, and merely repeated to the jury that the evidence must be such as to satisfy them, beyond any reasonable doubt, of the defendant's guilt.

The court are of opinion, that this direction was strictly correct, and conformable to the established law and practice. The adoption of the rule prayed for, would be in danger of

leading to abuse. In almost any case, where one witness only is called, it would be easy to make some show of impeachment, so as to call for the application of such rule of law. But whether he is actually and successfully impeached, can only be judged of by the jury. If the testimony of such witness, after such offer of impeachment, is not sufficient to satisfy the jury, beyond any reasonable doubt, of the defend ant's guilt, the instruction given would be quite sufficient for his protection; if it does so satisfy them, there is no reason why they should not act upon it. The rule of the common law is, with one or two well-defined exceptions, that judicial proof of facts may be made both in civil and criminal cases, by one witness.                    *Exceptions overruled.*

NOTE. — There was another case, — *Commonwealth* v. *Jared P. Whitcomb*, — argued at the same term upon exceptions from the rulings of *Briggs*, J., in the court of common pleas, and in which the same decision was made.

*O. P. Lord*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.